# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1503V
UNPUBLISHED

| | |
|---|---|
| ELIZABETH CONNOR WOOD, | Chief Special Master Corcoran |
| Petitioner, | Filed: December 3, 2019 |
| v. | Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Andrew Gordon Melling*, McNair Law Firm, PA, for petitioner.

*Mallori Browne Openchowski*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On September 28, 2018, Elizabeth Connor Wood filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a SIRVA, resulting from adverse effects of the administration of a Fluvirin PF 0.5ml influenza vaccination on December 3, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 16, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for Petitioner's SIRVA. On December 3, 2019, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $51,426.09. Proffer at 1. In the Proffer, Respondent represented that

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $51,426.09 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ELIZABETH CONNER WOOD, | |
| Petitioner, | |
| v. | No. 18-1503V |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Chief Special Master Corcoran<br>ECF |
| Respondent. | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.    Compensation for Vaccine Injury-Related Items**

On September 12, 2019, respondent concededed that entitlement to compensation was appropriate under the terms of the Vaccine Act.  Thereafter, on September 16, 2019, former Chief Special Master Dorsey issued a Ruling on Entitlement finding that petitioner was entitled to vaccine compensation for her Shoulder Injury Related to Vaccine Administration ("SIRVA"). Based on the evidence of record, respondent proffers that petitioner should be awarded $51,426.09, which is comprised of damages for pain and suffering in the amount of $50,000.00, unreimbursed out-of-pocket medical expenses in the amount of $726.54, and lost earnings in the amount of $699.55.  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

## II.     Form of the Award

The parties recommend that compensation provided to petitioner should be made through a lump sum payment of **$51,426.09**, in the form of a check payable to petitioner.  Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/ *Mallori B. Openchowski*
MALLORI B. OPENCHOWSKI
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, DC 20044-0146
Tel.:  (202) 305-0660

DATED:  December 3, 2019