# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 18-1503V
(not to be published)

| | |
|---|---|
| ELIZABETH CONNER WOOD,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                 Respondent. | Chief Special Master Corcoran<br><br>Filed: August 20, 2020<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Andrew Gordon Melling*, McNair Law Firm, PA, Columbia, SC, for Petitioner.

*Mallori Browne Openchowski*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEY'S FEES AND COSTS[1]

On September 28, 2018, Elizabeth Connor Wood filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a SIRVA, resulting from adverse effects of the administration of an influenza vaccine received on December 3, 2017. (Petition at 1). On December 3, 2019, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 33).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated June 18, 2020 (ECF No. 42), requesting a total award of $15,418.50 (representing $15,018.50 in fees and $400.00 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 41). Respondent reacted to the motion on June 18, 2020, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, deferring to my discretion to calculate the amount to be awarded. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## ATTORNEY FEES

Petitioner requests compensation for Andrew Melling at the rate of $400 per hour for 2018, $475 per hour for 2019 and $490 per hour for 2020; and for paralegal Melissa Oken, $165 per hour for 2018, and $175 per hour for 2019 - 2020. (ECF No. 42-1 at 3). I find the requested rates in each case excessive, based on the overall legal experience of the attorneys and paralegals, the quality of work performed, and their lack of experience in the Vaccine Program. *See McCulloch v. Health & Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).[3] I incorporate by reference all of the explanatory notes contained in these rate schedules. *See also McCulloch*, 2015 WL 5634323, at *19.

### A.    Andrew G. Melling, Esq.

Mr. Melling has over 24 years of legal experience in South Carolina. (ECF No. 42 at 3). Although Mr. Melling's requested rate for 2018 and 2019 are within the appropriate experience range for someone of his overall expertise, his inexperience in the Vaccine Program (this is his third Program case) warrants a modest reduction.[4] *See McCulloch, 2015* WL 5634323. In addition, Mr. Melling has previously been awarded the rates of $360 for 2017 and $385 for 2018. *A.F. v. Sec'y of Health & Human Servs.,* No. 15-0930V, 2019 WL 3948381 (Fed. Cl. Spec. Mstr. June 20, 2019); *Varner v. Sec'y of Health & Human Servs.,* No. 17-1060V, 2019 WL 7425391 (Fed. Cl. Spec. Mstr. Nov. 2019). I find no reason to deviate from the previously awarded rate, and therefore reduce Mr. Melling's hourly rates to be consistent with what was awarded in *A.F* and *Varner.*

Mr. Melling's requested rate of $490 for 2020, by contrast, exceeds the experience range in the OSM Attorney's Forum Hourly Rate Schedule – and in fact is above the highest rate allowed for the most seasoned attorneys in the Vaccine Program. To support this rate, Petitioner cites *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347

---

[3] The forum rates in the Vaccine Program are derived from the OSM Attorney's Forum Hourly Rate Schedules for years 2015 - 2019 available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

[4]

(Fed. Cir. 2008)("the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." However, the matrix referenced in *Avera* does not control Vaccine Program rate decisions. *See Rodriguez v. Sec'y of Health & Human Servs.,* 632 F. 3d 1381, 1385-86 (Fed. Cir. 2011). Accordingly, and in line with what has previously been allowed for Mr. Melling, I award the hourly rate of $415 for work performed in 2020. This results in a reduction of attorney's fees to be awarded of **$1,405.50**.[5]

### B.     Melissa Oken, Paralegal

Just as with Mr. Melling, Petitioner requests hourly rates for paralegal Ms. Oken that exceed what experienced paralegals in the Vaccine Program receive. Ms. Oken was previously awarded in other Vaccine Program cases the rate of $145 per hour for all work performed. *A.F.,* 2019 WL 3948381. I find this rate appropriate and will apply it to all time incurred for paralegal work on this matter. This results in a reduction of attorney's fees to be awarded of **$384.00**.[6]

## ATTORNEY COSTS

Petitioner requests $400 in overall costs, representing the filing fee for the Petition. (ECF No. 42 at 4). I find this request to be reasonable and will shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$13,629.00** (representing $13,229.00 in fees and $400.00 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[7]

---

[5] This amount consists of ($400 - $385 = $15 x 11 hrs = $168) + ($475 - $400 = $75 x 9.10 hrs = $682.50) + ($490 - $415 = $75 x 7.40 hrs = $555) = $1,405.50.

[6] This amount consists of ($165 - $145 = $20 x 8.8 hrs = $264) = ($175 - $145 = $30 x 6 hrs = $120) = $384.00.

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
